815 F.2d 81
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Courtney J. VAN RIPER, Jr., Plaintiff-Appellant,
v.
UNITED STATES MARSHALL FOR the EASTERN DISTRICT OF
TENNESSEE, and Bruce Montgomery, Defendants-Appellees.
 No. 86-5227.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1987.
 
 Before LIVELY, Chief Judge, and JONES and GUY, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals pro se from the district court's order dismissing his prisoner's Bivens claim. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The complaint alleges that the plaintiff was in the custody of the United States marshall for the Eastern District of Tennessee when a detainer was filed against him by the sheriff of Duval County, Florida. The plaintiff alleges that he did not receive notice of this detainer until he was transferred to the custody of the United States Bureau of Prisons some three months later. He alleged that this failure to notify him violated both his constitutional rights and his statutory rights under the Interstate Agreement on Detainers (IAD). He requested $3,000.00 compensatory and $25,000.00 punitive damages.
 
 
 3
 The plaintiff's constitutional claim is based on Bivens v. Six Unknown Named Agents, 403 U.S. 388, 397 (1971). The district court held that alleged violations of the IAD do not raise constitutional claims. Mars v. United States, 615 F.2d 704, 706 (6th Cir.), cert. denied, 449 U.S. 849 (1980). Because the plaintiff cannot raise a constitutional claim under the IAD, he cannot bring a Bivens action. We agree with this conclusion of the district court.
 
 
 4
 Concerning any statutory cause of action under the IAD, the central inquiry is whether Congress intended to create, either expressly or by implication, a private cause of action. Touche Ross & Co. v. Redington, 442 U.S. 560, 575 (1979). The district court held that because the IAD provides for the remedy of dismissal of the charges in case of a violation, 18 U.S.C. Appendix III, Article 3(d) and Article 4(e), no other remedy was implied. Transamerica Mortgage Advisers, Inc. v. Lewis, 444 U.S. 11, 19 (1979). We also agree with this conclusion of the district court.
 
 
 5
 The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.